BEAKES v. COMMERCIAL UNION ASSUR. Co., Limited.

*(Supreme Court, General Term, Second Department.  July 22, 1892.)*

FIRE INSURANCE—INJURY BY LIGHTNING—PROVINCE OF JURY.
  In an action on a policy of fire insurance, which covered direct loss by lightning and excluded loss by windstorms, it appeared that plaintiff's barn was prostrated in a windstorm accompanied by lightning, and, while there was no ignition, there were evidences of the presence of heat and injury by lightning, and the jury awarded plaintiff $100. *Held*, that the question how much of the injury was caused by the wind, and how much by the lightning, was peculiarly for the jury, and that the verdict should not be set aside as inadequate.

Appeal from circuit court, Orange county.

Action by Henry L. Beakes against the Commercial Union Assurance Company, Limited, of London, Eng. From an order refusing to set aside a verdict in his favor as inadequate, plaintiff appeals. Affirmed.

Argued before DYKMAN and CULLEN, JJ.

*W. F. O'Neill*, for appellant. *Butler, Stillman & Hubbard*, (*John Notman*, of counsel,) for respondent.

DYKMAN, J. This is an action upon a policy of fire insurance, which covered direct loss and damage caused by lightning, and excluded loss and damage by cyclone, tornado, and windstorm. The insurance was upon several buildings and considerable personal property, and the plaintiff claimed that two barns included in the policy were destroyed by lightning. The defense was that the barns were destroyed by a tornado. The proof was that the barns were destroyed during a rainstorm, accompanied by lightning, thunder, and a hurricane. There was no ignition and no fire, but there were evidences of the presence of heat, and of the exertion of great force. There were also evidences of injury by the wind, for the buildings were prostrated. The damage was large, and the amount claimed in this action was $2,747.50. The case went to the jury upon a charge that the plaintiff could recover for the damage caused by the lightning, but not for the destruction resulting from the force of the wind. The jury rendered a verdict in favor of the plaintiff for $100. The plaintiff moved for a new trial, and to set aside the verdict for inadequacy, and the motion was denied, and he has appealed to the general term for a new trial. Our difficulty is that we cannot certainly say the verdict is inadequate, because we cannot say how much of the plaintiff's damage resulted from lightning. That question was within the peculiar province of the jury, and was left to that body for determination. The proof of the action of lightning upon the buildings was only inferential, and drawn from the evidence of the appearance of the effect of heat around the soldering of the tin sheets which covered the cupolas. Some of the foundation stones were thrown out of place, and their removal from their position was by the plaintiff attributed to the action of electricity. So the amount of damage which can be attributed to the action of the lightning is not so certain that we can estimate it, and decide that the amount allowed for it by the jury was insufficient. It will be seen that the policy covers only direct loss and damage caused by lightning, and that language is quite restrictive. A rainstorm in the summer months in this latitude, accompanied with lightning and thunder, is usually brought up and attended with high wind; and where a current of electricity passes through a building during such a commotion of the elements, without causing a fire, and the structure is thrown down at the same time, it is plainly difficult to determine the damage to be attributed to the lightning alone. In such a state of uncertainty, an appellate tribunal would not feel at liberty to interfere with the verdict of a jury which settled the question. The judgment and order denying the motion for a new trial should be affirmed.